IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-835-D

| | |
|---|---|
| ROBERT OPSITNICK, JR. and ANNA M. OPSITNICK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) **ORDER** |
| JUNIUS ALLEN CRUMPLER, III, | ) ) ) |
| Defendant. | ) |

On December 4, 2013, Robert Opsitnick, Jr., and Anna M. Opsitnick ("plaintiffs" or "Opsitnicks") filed a civil action against Junius Allen Crumpler, III ("defendant" or "Crumpler"), alleging breach of contract and legal malpractice. See Compl. [D.E. 1]. Robert Opsitnick, Jr. is a member of the Massachusetts Bar, but he and his wife Anna Opsitnick (both Massachusetts citizens) filed suit pro se against Crumpler. Crumpler is a North Carolina citizen and a member of the North Carolina Bar. Jurisdiction is based on diversity. See 28 U.S.C. § 1332(a). On January 23, 2014, Crumpler filed a motion to dismiss for failure to state a claim upon which relief can be granted. See [D.E. 10]. On February 20, 2014, the Opsitnicks responded in opposition [D.E. 15]. As explained below, Crumpler's motion to dismiss is granted in part and denied in part.

I.

In October 2009, the Opsitnicks retained J. Allen Crumpler, III, Attorney at Law, PLLC to represent them in a civil suit in Wake County Superior Court. See [D.E. 1-2]. In that civil suit, the Opsitnicks' adult daughter was suing them concerning her trust fund. The Opsitnicks paid Crumpler's law firm $10,000, and Crumpler's law firm agreed to represent the Opsitnicks in

all pre-trial work for Superior/District Court matters relating to civil case #: 09 CVS 2069. Representation may include arguing summary judgment and all dispositive motions at the trial court level. Representation does not include trial work which will, if necessary, be covered under a separate fee agreement . . . [or] any appeals . . . relating to this case.

[D.E. 1-2] 2 (emphasis omitted).

According to the Opsitnicks' complaint, Crumpler failed to advise the Opsitnicks of pending discovery requests and deposition notices, responded to some discovery requests without consulting the Opsitnicks, failed to file a motion to dismiss, and failed to file a timely motion for summary judgment. See [D.E. 1] 2–3. Moreover, according to the complaint, Crumpler's failures culminated in the Wake County Superior Court sanctioning Crumpler on December 7, 2010. See [D.E. 1-8].

At the sanctions hearing, the Opsitnicks advised the Superior Court that they wished to discharge Crumpler, and the Superior Court permitted Crumpler to withdraw. See [D.E. 1-7] 29–30. The Superior Court then removed the case from the trial calendar and ordered

> that [the Opsitnicks] have 60 days to employ new counsel and notify the Trial Court Administrator of Wake County of the name of their new counsel, and said counsel shall have 60 days thereafter to complete all discovery. Thereafter, the matter shall be reset on the trial calendar or motion calendar by the Trial Court Administrator of Wake County.

Id. 30.

Although the Opsitnicks' complaint does not mention what happened after the Superior Court permitted Crumpler to withdraw, Crumpler contends that the Opsitnicks then decided to proceed pro se in the underlying litigation. See [D.E. 11] 2. According to Crumpler, about six months after the sanctions hearing and Crumpler's withdrawal, the Opsitnicks went to trial and "were found to have, in concert, breached a position of trust and confidence in the management of their daughter's trust fund and Judgment was entered against the Opsitnicks for $51,243.23 in compensatory damages [and] $285,000 in punitive damages." Id. 3.

2

According to the Opsitnicks' complaint in this case:

27. The Defendant had a Duty of Care to Plaintiffs, his Clients, under North Carolina Revised Rules of Professional Conduct, to communicate and keep them informed of all aspects of the case, etc.

28. Defendant breached the Duty of Care by Plaintiffs allegations 1 through 26 above, incorporated herein.

29. Plaintiffs suffered injury by further prolonged litigation and costs of new representation and were adversely [a]ffected by representations made by defendant to the court forcing Plaintiffs to trial without proper representation.

30. Defendant[']s actions, more specifically his failure to act, while representing Plaintiffs in case 09 CVS 2069 caused Plaintiffs injuries and said injuries were foreseeable to the Defendant and were Grossly Negligent.

31. Defendant was found to be Grossly Negligent by The Honorable Judge Robert H. Hobgood.

[D.E. 1] 4. The Opsitnicks seek $250,000 in compensatory damages, $750,000 in punitive damages, costs, and reasonable attorney's fees from Crumpler for legal malpractice. Id.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor

3

Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The parties agree that North Carolina law governs the dispute. Crumpler moves to dismiss the Opsitnicks' breach of contract claim because the Opsitnicks' contract was with J. Allen Crumpler, III, Attorney at Law, PLLC, see [D.E. 1-2] 2, yet the Opsitnicks sued Crumpler in this case only in his individual capacity. See [D.E. 11] 4–5. Under North Carolina law, "[a]n authorized agent who enters into a contract on behalf of a disclosed principal generally is not personally liable to third parties [for breach of contract] since the contract is with the principal." Baker v. Rushing, 104 N.C. App. 240, 248, 409 S.E.2d 108, 112 (1991); see Forbes Homes, Inc. v. Trimpi, 318 N.C. 473, 479–80, 349 S.E.2d 852, 856 (1986); Walston v. R. B. Whitley & Co., 226 N.C. 537, 540, 39 S.E.2d 375, 377 (1946). Thus, the court grants Crumpler's motion to dismiss the breach of contract claim.

As for the Opsitnicks' legal malpractice claim against Crumpler, Crumpler first argues that the Opsitnicks improperly rely on the North Carolina Rules of Professional Conduct to establish civil liability for legal malpractice. See [D.E. 11] 6. The Opsitnicks respond that their legal malpractice claim is "not based solely on the Rules of Professional Conduct." [D.E. 16] 8.

The Opsitnicks may not rely solely on a breach of the Rules of Professional Conduct to establish civil liability for legal malpractice. See, e.g., Laws v. Priority Tr. Servs. of N.C., L.L.C., 610 F. Supp. 2d 528, 531 (W.D.N.C. 2009), aff'd, 375 F. App'x 345 (4th Cir. 2010) (per curiam) (unpublished); Great-West Life & Annuity Ins. Co. v. Bullock, 202 F. Supp. 2d 461, 465 (E.D.N.C. 2002); Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A., 730 S.E.2d 763, 768 (N.C. Ct. App. 2012); Baars v. Campbell Univ., Inc., 148 N.C. App. 408, 421, 558 S.E.2d 871, 879 (2002); Webster v. Powell, 98 N.C. App. 432, 439, 391 S.E.2d 204, 208 (1990), aff'd, 328 N.C. 88, 399

4

S.E.2d 113 (1991) (per curiam); McGee v. Eubanks, 77 N.C. App. 369, 374, 335 S.E.2d 178, 181–82 (1985). Nonetheless, the complaint plausibly alleges that Crumpler violated implicit representations that "(1) he possesse[d] the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated possess; (2) he w[ould] exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he w[ould] exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause." Hodges v. Carter, 239 N.C. 517, 519, 80 S.E.2d 144, 145–46 (1954). Thus, because the complaint does not rely solely on a breach of the Rules of Professional Conduct and because the complaint (including the attachments) plausibly alleges a duty of care and breach of that duty of care, the court declines to conclude that the Opsitnicks' legal malpractice claim relies solely on Crumpler's violations of the Rules of Professional Conduct.

Next, Crumpler argues that the complaint reveals that the Opsitnicks have failed to plausibly allege proximate cause because the Wake County Superior Court gave them the opportunity to retain new counsel, to have "60 days thereafter to complete all discovery," and to then get a new date for motions and a trial. [D.E. 1-7] 30. According to Crumpler, the Wake County Superior Court essentially gave the Opsitnicks the opportunity to "redo" the discovery and motions practice that the Opsitnicks contend that Crumpler botched and then to have a fair trial with new counsel. See [D.E. 11] 10. Thus, Crumpler argues that the Opsitnicks cannot show that his alleged legal malpractice proximately caused any injury to them. See id. 12–13. The Opsitnicks respond that they have plausibly alleged that Crumpler's legal malpractice foreseeably caused them injury in the underlying case, including (at a minimum) causing them to incur additional litigation costs and to be disadvantaged in the litigation that took place after Crumpler withdrew. See [D.E. 16] 9–11.

5

"To establish that negligence is a proximate cause of the loss suffered, the plaintiff must establish that the loss would not have occurred but for the attorney's conduct." Rorrer v. Cooke, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985); see also Gram v. Davis, 128 N.C. App. 484, 489, 495 S.E.2d 384, 387–88 (1998) (allowing recovery of litigation costs associated with remedying the effects of attorney malpractice). The Opsitnicks' complaint crosses the line of plausibility as to proximate cause because (at a minimum) they plausibly allege that they incurred additional litigation costs to remedy the effects of Crumpler's alleged malpractice. Accordingly, Crumpler's motion to dismiss the legal malpractice claim is denied.

Finally, Crumpler moves to dismiss the Opsitnicks' request for punitive damages. The Opsitnicks' request for punitive damages does not plausibly allege that Crumpler is liable for punitive damages under North Carolina law. Cf. N.C. Gen. Stat. §§ 1D-1, 1D-5, 1D-10, 1D-15; see Martinez v. Nat'l Union Fire Ins. Co., 911 F. Supp. 2d 331, 339 (E.D.N.C. 2012); Estrada v. Consol. Util. Servs., Inc., No. 5:10-CV-161-RLV, 2011 WL 2174467, at *2–3 (W.D.N.C. June 2, 2011) (unpublished). Thus, the court grants Crumpler's motion to dismiss the Opsitnicks' request for punitive damages.

II.

In sum, Crumpler's motion to dismiss [D.E. 10] is GRANTED in part and DENIED in part. Plaintiffs' breach of contract claim against Crumpler is DISMISSED, and plaintiffs' request for punitive damages is DISMISSED. Plaintiffs' legal malpractice claim against Crumpler survives.

SO ORDERED. This 28 day of April 2014.

JAMES C. DEVER III
Chief United States District Judge

6