IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-835-D

| | | |
|---|---|---|
| ROBERT OPSITNICK, JR. and ANNA M. OPSITNICK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| JUNIUS ALLEN CRUMPLER, III, | ) ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 29) by plaintiffs Robert Opsitnick, Jr. and Anna M. Opsitnick (collectively "plaintiffs"), pursuant to Fed. R. Civ. P. 36(a)(3), for an order deeming admitted all requested admissions in their first set of requests for admission to defendant. The motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) (*see* D.E. 33) and is ripe for ruling. The court will address it on the merits, notwithstanding deficiencies in plaintiffs' submissions.[1] For the reasons set forth below, plaintiffs' motion will be denied.

## BACKGROUND

Plaintiffs commenced this action against defendant Junius Allen Crumpler, III ("defendant") on 4 December 2013 pursuant to the court's diversity jurisdiction. (*See* Compl. (D.E. 1)). Defendant, an attorney, previously represented plaintiffs in a civil matter filed in Wake County, Superior Court, North Carolina. (*Id.* ¶¶ 6, 12). Plaintiffs contend that in the course of that representation, defendant committed a number of breaches of his duties as counsel

---

[1] Plaintiffs failed to file a supporting memorandum and copies of their admission requests and defendant's written response thereto in violation of Local Civil Rule 7.1(d) and (c) (E.D.N.C.), respectively. Although plaintiffs are proceeding pro se, plaintiff Robert Opsitnick is an attorney admitted outside of North Carolina.

to them, causing them foreseeable injuries. (*Id.* ¶¶ 17-31). They seek compensatory damages, costs, attorneys' fees, and other relief. (*Id.* Prayer for Relief ¶¶ 1-6).

Plaintiffs served their first set of requests for admission on defendant via email on 8 January 2015. (*See* Cover Ltr. for Reqs. for Admiss. (D.E. 29-2)). Pursuant to Fed. R. Civ. P. Rules 5(b)(2)(E), 6(d), and 36(a)(3), defendant's responses to the requests for admission were due by 10 February 2015. On 13 February 2015, defense counsel contacted plaintiffs and informed them that defendant had been dealing with several health problems and that his responses would be overnighted to plaintiffs by 20 February 2015. (*See* 1st 13 Feb. 2015 Email (D.E. 29-3)). The responses were then emailed and sent by FedEx to plaintiffs later that same day, 13 February 2015. (*See* 2nd 13 Feb. 2015 Email (D.E. 29-4)). Plaintiffs filed the instant motion on 2 April 2015.

## DISCUSSION

I. **APPLICABLE LEGAL STANDARDS**

The Federal Civil Rules enable parties to obtain information by serving requests for admission on one another. *See* Fed. R. Civ. P. 36. Requests for admission served pursuant to Rule 36 are designed to narrow the range of issues for trial, and the rule provides that a party may serve any other party with a request for the admission of the truth of any relevant matter that relates to statements, opinions of fact, or the application of law to fact. Fed. R. Civ. P. 36(a)(1); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) ("'Rule 36(a)'s primary purposes are to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" (quoting *Frontier-Kemper Constructors, Inc.* v. *Elk Run Coal Co.* 246 F.R.D. 522, 531) (S.D.W. Va. 2007) (internal citations omitted)). Rule 36 specifies the consequences of not serving timely responses:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

A "court may permit withdrawal or amendment [of responses] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). An assessment of whether to permit amendment or withdrawal of an admission "is quintessentially an equitable one, balancing the right to a full trial on the merits, including the presentation of all relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute." *Taylor v. McGill Envtl. Sys. of N.C.*, No. 7:13-cv-270-D, 2015 WL 1125108, at *3 (E.D.N.C. 12 Mar. 2015) (quoting *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658 (E.D.N.C. 1988)). Some courts have held that a party that has made an admission by not timely responding to a request for it can be deemed to have withdrawn the admission by subsequently responding. *Cook v. Williams*, No. 5:14—1938-RMG, 2015 WL 4077199, at *6 (D.S.C. 1 July 2015) ("'Courts have found that even a late response to requests for admission is equivalent to a withdrawal of a deemed admission.'" (quoting *Nat'l Specialty Ins. Co. v. AIG Domestic Claims, Inc.*, No. 6:10–CV–00826–JMC, 2011 WL 1630948, at *2 (D.S.C. 29 Apr. 2011))).

## II. ANALYSIS OF PLAINTIFFS' MOTION

Plaintiffs argue that because defendant did not respond to their requests for admission by the 10 February 2015 deadline, they should be deemed admitted in full. Plaintiffs do not indicate if or how they were prejudiced by defendant's tardiness in responding.

3

Defendant contends that because plaintiffs did not object to the nominal delay in service of his responses at the time of service he rightfully believed that any issue surrounding the admissions was resolved. This contention, to the effect that plaintiffs waived any right to object to defendant's tardiness, is unconvincing. Indeed, defendant has not cited any legal authority to support it.

In addition to his waiver argument, however, defendant contends that plaintiffs have not been prejudiced by his tardiness, particularly in light of the brevity of the delay, merely three days. He requests that if the lack of prejudice alone is not enough to deny plaintiffs' motion, his response to the instant motion be treated as a motion to amend the admissions effected by his tardiness.

The court agrees with defendant that relief from the admissions is warranted. The equities favoring relief include the relatively minimal delay involved, the absence of demonstrated prejudice to plaintiffs from the delay, the reason proffered for the delay, the conscientious nature of service of the written response (by both email and overnight mail), and the absence of demonstrated prejudice from provision of relief to defendant. Relief would also conform to the policy favoring resolution of cases on their merits.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion (D.E. 29) is DENIED. Defendant's admission to all the requested admissions in plaintiffs' first set of requests for admission resulting, pursuant to Rule 36(a)(3), from defendant's failure to respond timely to the requests shall be deemed WITHDRAWN. Defendant's responses to such requests for admission shall be deemed for all purposes to be those set out in defendant's written response thereto served 13 February 2015.

SO ORDERED, this 28th day of September 2015.

_____
James E. Gates
United States Magistrate Judge